THE prisoner was indicted in the Superior Court oi law of Norfolk county for the murder of Jonathan Godfrey. The indictment was in the usual form. On his trial, the prisoner was found guilty of murder in the first degree. He thereupon moved the court to arrest the judgment for the following reasons: “ that it is essential in all “ cases civil or criminal brought before a court of limited “jurisdiction, that the facts to shew the jurisdiction “ should appear on the record; that before any person “ charged with treason or felony can be tried before a su- “ perior court of any county, the law passed the 24th “ day of January, 1804, requires that he shall be examin- “ ed in the manner prescribed by law by the court of the “ county, or corporation where the offence is committed, “ and that it is not charged in the indictment, and does “ not appear by the records of this court, that he the said “ Benjamin Miller has been examined in the mode pre- “ scribed by law before the court of the county, or cor- “ poration where the offence charged in the indiet- “ meat is alleged to have been committed; and that the “ indictment is defective in not charging specially such “ facts as shew the offence to have been murder in the *311 “ first degree.” The question arising on this motion iu arrest of judgment was adjourned.
November 17th, 1812, present judges White, Carring-ton, Brockenbrough, Semple, Alien and Randolph, the following opinion was given. “ This court doth unani- “ mously decide that it was not, and is not necessary that “ it should be charged in the said indictment, nor that u it should appear by the record of the said superior court “ of Norfolk county, that the said Benjamin Miller had “ been examined in the mode prescribed by the act of “ assembly, in the said adjourned case mentioned before “ the court of that county or corporation in which the “ offence charged in the said indictment is alleged to u have been committed. And this court doth further una- “ nimously decide that the said indictment is not defec-ii tive in not charging specially such facts as would shew “ the offence aforesaid to have been murder in the first ‘ degree; and that the matters alleged in the said plea ⅛⅛ arc. not sufficient to arrest, the judgment in the said ;i indictment.”
A similar judgment (as to the first point made in the above mentioned errors in arrest of judgment) was at: the same term rendered in the case of Bond, charged and convicted of passing counterfeit money; in the case oí *312 Pastures convicted of felonious stabbing; and in the caies of Maurice and of Betty convicted of larceny* All of these cases came from the same court.